```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEBRASKA

JEFFREY LAPP,                     )
                                  )
            Plaintiff,            )         8:05CV288
                                  )
      V.                          )
                                  )
WERNER, Co.,                      )         MEMORANDUM AND ORDER
                                  )
            Defendant.            )
                                  )
```

Defendant's lead counsel, Steven S. Weiss and the Tribler, Orpett & Meyer, P.C. law firm, were previously granted leave to withdraw because the defendant had instructed them to take no further action in this case, the defendant owed past attorney fees, and due to defendant's bankruptcy filing and new corporate structure, the defendant would not pay fees for future attorney services rendered.

Alan E. Fredregill and the Heidman Law Firm, L.L.P. have acted as defendant's local counsel in this case, and for the same reasons cited by Steven S. Weiss and the Tribler, Orpett & Meyer, P.C. law firm, likewise move to withdraw.  Filing 39.  The plaintiff has not responded to the pending motion to withdraw. No attorney has entered an appearance on behalf of the defendant since this motion to withdraw was filed, and if the motion is granted, the defendant will have no attorney of record. Nonetheless, for the reasons outlined in the motion, the court finds that the motion to withdraw filed by Alan E. Fredregill and the Heidman Law Firm, L.L.P. should be granted.

The court specifically notes, however, that the defendant is a corporation.  A corporation can appear in the federal courts of the United States only through licensed counsel.  <u>Rowland v. California Men's Colony,</u> 506 U.S. 194, 201-202 (1993).

IT THEREFORE HEREBY IS ORDERED:

1.  The motion to withdraw, filing 39, filed by Alan E. Fredregill and his law firm, Heidman Law Firm, L.L.P., is granted, effective upon the filing of a certificate of service or affidavit indicating that the defendant has been served with a copy of this order.

2.  Defendant is given 30 days from the date of this order in which to obtain the services of substitute counsel and have that attorney file an appearance in its behalf, in the absence of which the court may enter a default against the defendant and in favor of the plaintiff.

DATED this 29th day of February, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge