IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY LAPP, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05 CV 288 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| WERNER, CO., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

   Pending before the court is the motion by defendant to "vacate default judgment," filing 45, and the motion of Old Ladder, Co., formerly known as Werner, Co., titled "Motion for Leave to File Supplemental Index of Evidence and Brief in Support of Motion *Instanter,* which seeks to "vacate the default order."  Filing 49. Both are opposed by the plaintiff.

   The first motion filed is misnamed, as the court did not enter a "default judgment" against Werner, Co.  Rather, the clerk was ordered to enter the "default" of the defendant, and did so.  Filing 43.  Entry of a default merely lays the groundwork for a later entry of default judgment.  Compare Fed. R. Civ. P. 55(a) and 55(b).  See also Fed. R. Civ. P. 5(a)(2) (No further service of notice is required if a party is in default for failure to appear).

   Rule 55(c) permits the court to set aside a default for "good cause."  In exercising the court's discretion in the matter, for the reason that the motion to set aside the default was filed only hours after the clerk entered the default, it is reasonable to grant the defendant's request to consider the later-filed materials explaining the circumstances of the delay.  I shall grant that motion.

In this case the evidentiary materials filed in support of the motions establish that there was no deliberate delay in responding to the court's order allowing defendant's prior counsel to withdraw and giving the defendant thirty days to have new counsel file an appearance.  I shall not recount all of that scenario here; suffice it to say that I conclude the affidavits and other evidentiary materials establish "good cause" under the rule.  As stated by the Eighth Circuit,

> Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, "[m]ost decisions ... hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." Connecticut Nat'l Mortgage Co. v. Brandstatter, 897 F.2d 883, 885 (7th Cir.1990); accord Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193-94 (6th Cir.1986); Meehan v. Snow, 652 F.2d 274, 276-77 (2d Cir.1981).  This is a sound distinction.  There is a "judicial preference for adjudication on the merits," Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir.1993), and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits.

Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783-84 (8th Cir. 1998).

Here, I am satisfied that the failure of the defendant to have new counsel file an appearance in this case in accordance with the court's order was not "blameworthy or culpable," Id. at 784, but rather, the result of the complexity of the defendant's bankruptcy proceedings coupled with a sale of assets and the review of some 123 pending claims.  Once the status of this case was discovered by the insurance company involved, counsel were promptly hired and immediately filed an appearance.  I see no prejudice to the plaintiff from setting aside the default, and while plaintiff correctly attacks the sufficiency of the opinions raised by defendant's engineer's affidavit, that matter can be addressed

separately; the affidavit is sufficient to establish that the defendant intends to defend the suit, and it should be resolved on its merits.

   I shall set aside the default.  Counsel should confer immediately regarding scheduling matters and submit to me their joint, or if necessary, separate, proposals for bringing this matter to trial or other disposition as soon as practicable.  In addition, counsel should confer regarding the proper identity and name of the defendant, and whether the caption of the case should be amended.


   IT THEREFORE HEREBY IS ORDERED:

   1.  Defendant's motion to set aside entry of default, filing 45, is granted.

   2.  Defendant's motion to consider supplemental filings, filing 49, is granted.

   3.  Counsel shall, on or before June 16, 2008, inform the undersigned of their views regarding scheduling.  If a telephone conference with the court is desired, request therefor may be made to my judicial assistant.

   DATED May 16, 2008

                                          BY THE COURT:


                                          s/ *David L. Piester*
                                          United States Magistrate Judge