```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| JEFFREY LAPP, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV288 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER CO., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Defendant has filed a motion requesting a hearing on plaintiff's objections to defendant's subpoenas seeking employment and medical records. Counsel have attempted unsuccessfully to resolve their differences, although they have "narrowed the gap" somewhat between their positions.

Procedurally, the dispute is in an unusual posture. On August 29, 2008 defendant filed a notice of intent to serve subpoenas duces tecum to 26 entities, most of them apparent medical services providers, attaching a request for all medical records pertaining to the plaintiff. Plaintiff's counsel notified defense counsel of plaintiff's objections, and counsel have attempted to resolve those objections. As the subpoenas have not yet been issued, the medical providers and employers have not had notice of the matter, so the rulings herein will be without prejudice to whatever different objections they may make once they may be served. Rule 45(c)(3) provides, "On timely motion, the issuing court must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies. . . ." I am satisfied that the court has the authorization to rule on the motion and issue an order modifying the subpoenas if found necessary or appropriate to protect the interests of the parties.

The principal argument between the parties is not the scope of the physician-patient privilege, but rather, the scope of "relevance" under Fed. R. Civ. P. 26(b)(1).  The rule provides that the parties are entitled to conduct discovery into any matter not privileged which is relevant to a claim or defense.  Defendant argues that because the plaintiff has alleged that he is totally disabled and will not be again able to work, that all of his past medical records are relevant to the issues of proximate cause and damages.  Defendant relies upon my earlier decision in Brown v. Eli Lilly & Co., 131 F.R.D. 176 (1998), in which I ordered a plaintiff to execute medical releases for her providers to supply the defendant with all of her past records.  Plaintiff accurately points out that that decision was before the 2000 amendments to Rule 26, which narrowed the scope of permissible discovery from any matter relevant to the "subject matter" of the lawsuit to that relevant to a "claim or defense."  Plaintiff argues that the scope of the defendant's requested information and records is much too broad, and that the court should limit the scope to those medical records pertaining to the specific injuries alleged in this case and the employment records pertaining to performance, restrictions, wages and benefits.

For the most part, the fact that a plaintiff has placed his medical condition at issue waives the physician-patient privilege to the extent of the injury claimed.  In this case the accident forming the basis of the plaintiff's claims occurred in June, 2003.  He claims injuries to his back, mental and "psychic" distress, and resulting disability, both past and future.  Defendant claims it has information that plaintiff was in several car accidents dating back to 1989, any of which might have triggered the injuries he now claims.  Defendant also argues that

2

the employment and health records may uncover other conditions or problems impacting the plaintiff's claims for damages.

In respect to the employment records, the plaintiff has offered to provide certain, but not all, records of his past employment. I am satisfied that additional records should be produced and shall partially overrule the plaintiff's objections to an unlimited production. An appropriate protective order will be necessary.

The medical records request is more problematic. The plaintiff's arguments are well taken. While defendant claims that plaintiff has been in other accidents which "could have" injured him in a similar fashion to that alleged in the complaint, there is no showing as to any specifics indicating that. Likewise, while it is possible that his psychological damages may have origins long ago, there is nothing by way of evidence that indicates such. I shall permit a medical records production limited to the period commencing ten years prior to this incident, with a protective order. In the event there is produced any recorded incident or medical complaint which might reasonably be expected to lead to other relevant information or admissible evidence in this case, I can review such matters in a subsequent follow-up motion if counsel are unable to resolve it.

IT THEREFORE HEREBY IS ORDERED:

1. Defendant's motion for hearing on plaintiff's objections, filing no. 61, is granted in part, and

> a. The scope of the defendant's subpoenas to former and present employers shall be limited to records containing information about plaintiff's performance, physical restrictions, wages and benefits, and disciplinary actions, formal or informal, and leave requests and absences, for the period 1989 to the present.

      b. The scope of the defendant's subpoenas to medical service providers shall be limited to the period June, 1993 to the present, except that records pertaining to any body part claimed in the case to have been injured in the subject accident shall not be limited in time.

      c. Counsel shall confer respecting entry of an appropriate protective order regarding the production sought by the subpoenas and propose to the undersigned such an order.

      d. In the event the records produced as a result of this order disclose information that either party claims may lead to additional information relevant to the claims or defenses in the case, subsequent requests may be brought before the undersigned if counsel are unable to resolve them.

   2. Each party shall bear its own expenses with respect to this discovery matter.

   DATED this 20th day of October, 2008.

                BY THE COURT:

                s/ *David L. Piester*
                David L. Piester
                United States Magistrate Judge