IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY LAPP, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV288 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER, Co., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before me is the plaintiff's motion for summary judgment. Filing No. 77.¹ The plaintiff alleges he was injured when he fell while using a two-step ladder manufactured by the defendant. The plaintiff claims that based on the undisputed facts, the step ladder was defective, and had it been properly designed, manufactured and inspected, plaintiff's injuries would not have occurred. The plaintiff further claims there is no issue of fact regarding the nature and extent of the injuries caused by his fall while using the ladder, and no issue of fact regarding the medical expenses incurred and plaintiff's past and future inability to work as a result of those injuries. See filing no. 78.

STANDARD OF REVIEW

A motion for summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"

---

¹See filing no. 18, "Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference," and 28 U.S.C. § 636(c).

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). In response to the moving party's evidence, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

> Once the moving party has met its burden of showing "the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law[,] . . . the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."

Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003)(internal citations omitted)).

## STATEMENT OF FACTS

The plaintiff has offered extensive facts in support of his claim that the defendant defectively designed and manufactured the two-step ladder plaintiff fell from on June 21, 2003, and as a result of that fall, the plaintiff sustained low back injuries, past medical expenses, and permanent physical disabilities.

As to the following specific issues, there is no genuine issue of material fact, and as to these issues, the plaintiff need not present evidence at trial:

-- The defendant is in the business of designing and manufacturing aluminum step ladders, with its principal place of business in Greeneville, Pennsylvania, and at

>   all times pertinent hereto, was doing business in the State of Nebraska.
>
> --  The defendant manufactured, assembled, and sold the step ladder that is the subject of this action.
>
> --  The amount billed by the following medical providers was fair and reasonable:[2]
>
> | | |
> |---|---:|
> | Presbyterian/St. Luke's Medical | $220,361.42 |
> | Western Orthopaedics, P.C. | 38,144.00 |
> | Spalding Rehabilitation Hospital | 6,543.81 |
> | Denver Spine Center, LLC | 216.00 |
> | Colorado Anesthesia Consultant | 2,210.00 |
> | Radiology Services, P.C. | 472.00 |
> | Pathology Services, P.C. | 84.00 |
> | Metro Denver Anesthesia | 8,830.00 |
> | Diversified Radiology of CO. | 3,175.26 |
> | Rocky Mountain Rehab Medicine | 484.00 |
> | Midtown Surgical Center | 6,616.00 |
> | Ogallala Community Hospital | 14,291.82 |
> | Ogallala Medical Group | 2,284.00 |
> | MSC Group, Inc. | 4,600.00 |
> | Buenz Drug | 53,845.58 |

Compare, filing no. 78 (plaintiff's summary judgment brief), at CM/ECF pp. 1, 5-9, ¶¶ 1-2, 15-29; filing no. 87 (defendant's summary judgment brief), at CM/ECF pp. 1, 10-15, ¶¶ 1-2, 15-29.

However, as to all remaining issues raised by the plaintiff's motion for summary judgment, defendant has responded with evidence contradicting the facts and opinions proffered by the plaintiff. For example:

---

[2] Whether the medical services underlying these billings were necessary and caused by plaintiff's fall from a step ladder on June 21, 2003 remains in dispute.

- Regarding the cause of plaintiff's accident:

-- Plaintiff's engineering expert, John N. Schwartzberg, P.E., states he examined the ladder after the accident and, in his professional opinion, "[t]he cause of the structural failure of the step ladder which caused Mr. Lapp to fall was the failure of the riveted joint attaching the rear cross-brace to the left rear side." Filing No. 79-2, at CM/ECF p. 7, ¶ 15.

-- Defendant's engineering expert, Fred Bartnicki, examined the ladder at issue, and based on that examination, opines that the damage seen and evaluated by plaintiff's expert was caused by, and not the cause of, plaintiff's fall from the ladder, and the most likely cause of the accident was plaintiff's "failure to properly set up the stepstool by failing to properly lock one or both spreaders or that he was overreaching and lost his balance and/or tipped the stepstool causing him to fall and strike the horizontal brace during his fall." Filing No. 88-2, at CM/ECF p. 7.

- Regarding the cause, nature and extent of plaintiff's injuries:

-- According to plaintiff's treating physician, Timothy Birney, M.D., as a result of plaintiff's fall from a step ladder on June 21, 2003, the plaintiff sustained recurrent lumbar radiculopathy and disk disruption syndrome at the L4-5 and L5-S1 levels of his spine, which ultimately caused severe incapacitating low back pain, radiating pain in both legs, intermittent numbness, and some limping. Filing No. 79-4, at CM/ECF p. 30, ¶ 2(a). Dr. Birney opines that the plaintiff's back surgeries following the fall were reasonably necessary to treat injuries caused by the fall, and the plaintiff has permanent functional impairments and needs and will continue to need medications for pain control as a result of the fall. Filing No. 79-4, at CM/ECF pp. 31-33.

-- Defendant's medical expert, Dr. Bernard Kratochvil, disagrees, stating that based on his review of plaintiff's medical records, specifically to include

4

      comparing the plaintiff's pre-fall medical records and the MRI and CT studies performed after the fall, "Mr. Lapp did not sustain an injury in the 2003 fall that would have necessitated additional surgery[, and] Mr. Lapp's surgeries and medical care following his fall from the stepstool in 2003 are unrelated to, and were not necessitated by, his fall from the stepstool in 2003." Filing No. 88-3, at CM/ECF p. 2, ¶ 13-14.

- Regarding the plaintiff's ability to work:

-- Dr. Birney states the plaintiff will be unable to consistently perform work activities, (filing no. 79-4, at CM/ECF pp. 31-33), while Dr. Kratochvil states "Mr. Lapp does not have medical restrictions that would prohibit him from working." Filing No. 88-3, at CM/ECF p. 2, ¶ 14.

-- According to plaintiff's vocational rehabilitation expert, Jack Greene, the plaintiff cannot return to his most recent employment as an Information Services Department Manager, is unable to physically perform his previously performed occupations, and is no longer competitively employable. Filing No. 79-3, at CM/ECF p. 50.

- The defendant's vocational rehabilitation expert, Patricia Conway, states "Mr. Lapp has acquired transferable skills which can be used in light and sedentary work. Mr. Lapp does not have sitting restrictions, . . . is able to physically perform sedentary work utilizing his past work experience[,] can work and is employable." Filing No. 88-4, ¶ 7.

    There is a genuine issue of material fact regarding the elements of the plaintiff's claims. Summary judgment cannot be granted in favor of the plaintiff.

IT THEREFORE HEREBY IS ORDERED:

1) Except as to those specific issues identified in the body of this memorandum and order, the plaintiff's motion for summary judgment, filing no. 77, is denied.

2) The pretrial conference remains scheduled to be held before the undersigned on April 14, 2009 at 11:00 AM in Lincoln, Nebraska.

3) The jury trial remains set to commence before the undersigned magistrate judge on May 4, 2009 at 1:30 p.m. in the courtroom, United States Post Office and Federal Building, 3rd Floor, 300 East 3rd Street, North Platte, Nebraska.

DATED this 24th day of March, 2009.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge